655 So.2d 1162
District Court of Appeal of Florida,
Third District.

Gonzalo A. CHACIN, Petitioner,

v.

GENERALI ASSICURAZIONI
GENERALI SPA, Respondent.

No. 95-552. | May 3, 1995. |
Rehearing Denied June 28, 1995.

Insured petitioned for writ of certiorari following decision of the Circuit Court, Dade County, Appellate Division, Philip Bloom, Steven Levine, Barbara Levenson, JJ., affirming denial by the County Court of insured's application for attorney's fees in suit against surplus lines insurer. The District Court of Appeal, Schwartz, C.J., held that attorney's fees may be awarded against surplus lines insurer under statute providing for award of attorney's fees upon rendition of a judgment against an insurer in favor of an insured.

Certiorari granted.

Cope, J., filed concurring opinion.

West Headnotes (1)

**[1]**   **Insurance**
　　　　 Costs and Attorney Fees

Attorney fees may be awarded against surplus lines insurer under statute providing for award of attorney's fees upon rendition of judgment against insurer in favor of insured. West's F.S.A. § 627.428.

4 Cases that cite this headnote

**Attorneys and Law Firms**

*1162 Carlos Lidsky and Charles L. Vaccaro, for petitioner.

Kroll & Tract and Nicolas G. Sakellis and Hyman Hillenbrand, for respondent.

Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.

**Opinion**

SCHWARTZ, Chief Judge.

The appellate division of the circuit court affirmed the county court's denial of the plaintiff-insured's application for attorney's fees under section 627.428, Florida Statutes (1993) on the ground that section 626.912, Florida Statutes (1993) "precludes the award of attorney [sic] fees against a surplus lines insurer" like the carrier involved in this case. We quash the decision and mandate reversal of the county court on the authority of *English & American Insurance Co. v. Swain Groves, Inc.*, 218 So.2d 453 (Fla. 4th DCA 1969), which is squarely in point and with which we agree:

> The final question involved the propriety of the award of attorney's fees where the non-admitted carriers complied with Section 626.0509, F.S.1965, F.S.A. [now § 626.912, Fla.Stat. (1993) ]. Appellants [sic] argument is that an attorney's fee is allowed in an action against an unauthorized foreign insurer only under the provisions *1163 of Section 626.0508, F.S.1965, F.S.A., [now § 626.911, Fla.Stat. (1993) ] but that Section 626.0509 F.S.1965, F.S.A. specifically exempts therefrom an action against an unauthorized insurer arising out of a contract of insurance issued under the surplus lines law under certain conditions [which existed in the instant case]. We pretermit a determination of whether appellants were exempt from Section 626.0508, F.S.1965 by holding that the appellants were within the scope of Section 627.0127, F.S.1965, F.S.A., [now § 627.428, Fla.Stat. (1993) ] [which provides for the award of attorney's fees upon rendition of a judgment against an insurer in favor of an insured].

*English & Am. Ins. Co.*, 218 So.2d at 458.

Certiorari granted.

NESBITT, J., concurs.

COPE, Judge (concurring).

I join the majority opinion and would add that in my view this result also follows from the terms of section 626.925, Florida Statutes (1993).

**All Citations**

655 So.2d 1162, 20 Fla. L. Weekly D1077

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.